# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**KELVIN JACKSON, #R2301**                                                            **PETITIONER**

**V.**                               **CIVIL ACTION NO. 2:12-CV-216-KS-MTP**

**RONALD KING**                                                                       **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Respondent's Motion to Dismiss [7] the petition as procedurally barred.

### A.   *Background*

Petitioner is an inmate at South Mississippi Correctional Institute. He received a rule violation report ("RVR") which resulted in a loss of earned time. He appealed the RVR through the Administrative Remedy Program ("ARP") [7-1], and his appeal was denied in both the first [7-2] and second [7-3] steps of the review process.

Petitioner then filed two "Petitions for Writ of Habeas Corpus" in the Circuit Court of Greene County, Mississippi. The first, No. 2012-68, was filed on June 11, 2012 [7-8], and the second, No. 2012-105, was filed on September 10, 2012 [7-4]. The petitions were virtually identical; both sought review of the ARP's decision.

The Circuit Court denied each petition and affirmed the ARP's decision. It denied the first petition, No. 2012-68, in an order dated August 16, 2012 [7-8]. It denied the second petition, No. 2012-105, in an order dated September 17, 2012 [7-5]. Petitioner then appealed each Circuit Court decision to the Mississippi Supreme Court.

In his first Supreme Court petition – No. 2012-M-1545, filed on September 24, 2012 – Petitioner sought an appeal of the Circuit Court's decision in No. 2012-068 [7-8]. On October 4, 2012, the Supreme Court entered an order [7-9] in which it noted that Petitioner was required to file his petition within thirty days of the entry of the Circuit Court's entry of judgment, and that the "prison mailbox rule" may apply. *See Easley v. Roach*, 870 So. 2d 1041, 1042-43 (Miss. 2004) (pro se prisoner filings are considered filed when mailed by the inmate). Accordingly, the Supreme Court ordered Petitioner to provide – on or before November 2, 2012 – a copy of the prison mail log showing the date he submitted his petition for mailing.

Petitioner filed a number of documents in response to the Supreme Court's order [7-10], but none of them were the mail log. On November 15, 2012, the Supreme Court entered an order [7-11] denying Petitioner's "Petition for Writ of Prohibition" in case No. 2012-M-1545 because Petitioner had failed to comply with the Court's order to provide the documentation needed to determine whether his appeal was relevant.

In his second Supreme Court petition – No. 2012-M-1583, filed on September 28, 2012 – Petitioner sought an appeal of the Circuit Court's decision in No. 2012-105 [7-6]. On October 3, 2012, the Supreme Court denied it without discussion [7-7].

After all these state-court proceedings, Petitioner filed a Petition for Writ of Habeas Corpus [1] in this Court, again challenging the ARP's decision and, ultimately, his receipt of an RVR. Respondent filed a Motion to Dismiss [7] the petition, arguing that it is procedurally barred for Petitioner's failure to exhaust his remedies in state court. The motion is ripe for the Court's review.

2

## B. *Exhaustion of Administrative Remedies*

Before a federal court will consider claims in a Section 2254 habeas petition, the petitioner must exhaust all available state remedies. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). "To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claims to the state courts." *Id.* at 415. But if "state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." *Id.* at 416. In other words, "[i]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would no find the claims procedurally barred, then there is a procedural default for purposes of federal habeas." *Id.*; *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Respondent argues that Petitioner's second petition to the Supreme Court – No. 2012-M-1583 – was not an appeal of the trial judge's decision, observing that the Supreme Court's order [7-7] does not indicate that the petition was deemed to be an appeal. With respect to the first Supreme Court petition – No. 2012-M-1545 – Respondent argues that Petitioner defaulted on his opportunity for review by failing to provide the documentation required by the Supreme Court. Therefore, Respondent concludes that Petitioner failed to properly appeal either of the trial court decisions, rendering his claims procedurally barred from federal review.

The Court disagrees with Respondent's analysis. In the Supreme Court's order [7-9] addressing Petitioner's first petition (No. 2012-M-1545), the Court explicitly held that "it is clear from the content of Jackson's petition that he wishes to appeal the

3

circuit court's decision." The second Supreme Court petition (No. 2012-M-1583) is virtually identical to the first one. Therefore, the Court believes it reasonable to assume that the Supreme Court would likewise consider the second petition to be an appeal of the Circuit Court's decision affirming the ARP.

The Supreme Court denied that second petition [7-7] on October 3, 2012. On November 16, 2012, Petitioner filed a petition [1] with this Court that seeks the same substantive relief as those filed in the state courts. Therefore, the Court finds that Petitioner exhausted his state remedies by fairly presenting the substance of his claims to the state courts. *Sones*, 61 F.3d at 415.

## C. *Conclusion*

For the reasons stated above, the Court **denies** Respondent's Motion to Dismiss [7]. Petitioner exhausted his state court remedies by completing the ARP process [7-2, 7-3], appealing to the Circuit Court [7-4, 7-5], and then appealing to the Mississippi Supreme Court [7-6, 7-7].

SO ORDERED AND ADJUDGED this 31st day of July, 2013.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE

4